# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| JOHN DOE,<br><br>    *Plaintiff-Appellant,*<br><br>v.<br><br>THE FEDERAL DEPOSIT INSURANCE CORPORATION,<br><br>    and<br><br>JONATHAN MCKERNAN, in his official capacity as Director of FDIC,<br><br>    *Defendants-Appellees.* | No. 24-5049 |

## **JOINT RESPONSE TO SHOW CAUSE ORDER**

The parties respectfully submit this response to the Court's Order of January 30, 2026, directing the parties "to show cause . . . why the sealed portions of the record of this case should not be unsealed." Order at 1. For the reasons stated below, Plaintiff John Doe maintains that the sealed portions of the record and briefing in this case should remain under seal. Defendants take no position on Dr. Doe's request

that this Court maintain the sealing and do not independently request that the information remain under seal.

## Dr. Doe's Position

This appeal arose from the district court's denial of Dr. Doe's motion to proceed under a pseudonym in this case. On appeal, Dr. Doe submitted a sealed appendix that comprised his original motion to proceed under a pseudonym, filed under seal in the district court; a declaration from Dr. Doe, attached to that motion and also filed under seal; and a statement of Dr. Doe's true identity, also attached to the motion and also filed under seal. Dr. Doe further filed a sealed opening brief in this Court, which referred to material contained in the sealed appendix, alongside a public version of the same brief that redacted those references.[1]

Under this Court's rules, none of the sealed portions of the record can be unsealed at this time. This Court's rules make clear that "[a]ny portion of the record that was placed under seal in the district court . . . remains under seal in this court unless otherwise ordered." D.C. Cir. R. 47.1(a). All three of the documents filed under seal in this Court—the motion to proceed under a pseudonym, Dr. Doe's declaration, and the statement of Dr. Doe's identity—remain under seal in the district court. And the only portions of Dr. Doe's opening brief that were redacted refer to

---

[1] Dr. Doe's reply brief did not refer to any part of the sealed appendix, and he therefore did not file a sealed version of that brief.

or quote material from those sealed documents. Therefore, this Court should maintain all of the currently sealed materials in this case under seal. *See Deville v. Pension Benefit Guar. Corp.*, No. 24-5029, 2024 WL 1948586 (D.C. Cir. Apr. 30, 2024) (per curiam) ("[T]his court's rules require materials sealed in district court to remain sealed in this court.").

That result is not only mandated by this Court's rules, it also comports with the factors this Court considers when determining whether to maintain materials under seal. *See United States v. Hubbard*, 650 F.2d 293, 316-17 (D.C. Cir. 1980) (listing as relevant factors the need for public access to the documents at issue, the extent of previous public access to the documents, the fact that someone has objected to disclosure, the strength of the privacy interests asserted, the possibility of prejudice to those opposing disclosure, and the purposes for which the documents were introduced). Here, only a narrow portion of the record that contains sensitive, highly personal information about Dr. Doe is sealed. That information has never been publicly available as part of this case. Dr. Doe objects to unsealing the record, and no party requests that it be unsealed. The majority of the record, including almost all the briefing and the entirety of the Court's opinion, is not sealed and is available to the public. The public interest in access to court records has been adequately addressed through those documents, including Dr. Doe's submission of a redacted version of his opening brief. Members of the public can readily understand the facts

of the case and this Court's decision without reference to any of the materials filed under seal. There is therefore no reason for this Court to unseal the sealed portions of the record.

## The Government's Position

The government takes no position on Dr. Doe's request and does not independently request that the information remain under seal.

## CONCLUSION

For the foregoing reasons, Dr. Doe respectfully requests that the Court maintain the sealed portions of the record of this case, including Dr. Doe's unredacted opening brief and the sealed appendix, under seal. Defendants take no position on the request.

Dated: March 2, 2026

JEANINE FERRIS PIRRO
United States Attorney

    */s/ Johnny Walker*
JOHNNY H. WALKER, III
Assistant United States Attorney
601 D Street NW
Washington, D.C. 20530
(202) 252-2511
johnny.walker@usdoj.gov

*Attorneys for the United States of America*

Respectfully submitted,

 */s/ Alexandra Lichtenstein*
Alexandra Lichtenstein (Bar No. 1724947)
Kelsi Brown Corkran (Bar No. 501157)
Joseph W. Mead (Bar No. 1740771)
William Powell (Bar No. 1672707)
INSTITUTE FOR CONSTITUTIONAL
ADVOCACY AND PROTECTION
Georgetown University Law Center
600 New Jersey Ave NW
Washington, DC 20001
(202) 661-6515
Alex.Lichtenstein@georgetown.edu

Joanna K. Wasik (Bar No. 1027916)
PRO BONO COUNSEL,
WASHINGTON LAWYERS'
COMMITTEE FOR CIVIL RIGHTS
AND URBAN AFFAIRS
700 14th St. #400
Washington, D.C. 20005
Tel. (202) 319-1000
Fax (202) 319-1010

*Counsel for Plaintiff-Appellant*

# CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with the type-volume limitation in Federal Rule of Appellate Procedure 27(d)(2) because it contains 669 words. This brief complies with the typeface and type style requirements of Federal Rule of Appellate Procedure 27(d)(1)(E) because it has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14-point font.

*/s/ Alexandra Lichtenstein*
Alexandra Lichtenstein

# CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

                                        */s/ Alexandra Lichtenstein*
                                        Alexandra Lichtenstein